## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA T. DETHERAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-348-G |
| | ) | |
| MIKE HUNTER et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed this complaint seeking civil rights relief under 42 U.S.C. § 1983. Doc. 1.[1] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 8. The undersigned recommends the Court dismiss the complaint without prejudice based on Plaintiff's failure to follow the Court's rules and orders.

## I.    Discussion.

On March 6, 2026, the Court ordered Plaintiff to cure the deficiencies in his IFP application as the IFP application was missing the required financial information and/or signature of authorized officer of penal institution and a certified copy of his institutional accounts statement for the six-month period

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

immediately preceding this filing. Doc. 10, at 1. The Court gave Plaintiff until March 27, 2026, to comply. *Id* at 1-2. The Clerk of Court sent the order and appropriate forms to Plaintiff at the address he provided to the Court. *See id.* (court notes).

On March 27, 2026, Plaintiff filed a second IFP motion. Doc. 13. Plaintiff also filed a notice with the Court that contained his inmate trust accounts statement. Doc. 11. Plaintiff's IFP motion is still missing the required certification of his inmate trust accounts statement under 28 U.S.C. § 1915(a)(2) and the signature of the authorized officer of the penal institution at which he is confined. *See* Doc. 13, at 3-4.

The undersigned advised Plaintiff that if he failed to comply with the Court's order by March 27, 2026, his case would be subject to dismissal. Doc. 10, at 1-2.

Plaintiff appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Plaintiff's failure to comply with this Court's order and rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(b) (instructing that a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order"); *see also*

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders").

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 5, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 14th day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

3